OPINION OF THE COURT
Arnold Guy Fraiman, J.
In this action against the city’s Department of Finance and the Industrial and Commercial Incentive Board (ICIB), plaintiff seeks a refund of real estate taxes it paid under protest for the tax year commencing July 1, 1981, and a declaratory judgment that for the purposes of chapter 56 of the Administrative Code of the City of New York (§ 1301 et seq.), the Finance Department is without jurisdiction to determine the date on which construction is completed on a new building. Defendants move to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 4, 7) and on the grounds that there is another action pending between the same parties for the same relief, and the *1060 complaint fails to state a cause of action. Plaintiff cross-moves for summary judgment.
The essential facts are not in dispute. In December, 1978, plaintiff began construction of an office building at 499 Park Avenue and applied to ICIB for a certificate of eligibility for the real property tax exemption provided for by chapter 56 of the Administrative Code. Chapter 56 provides for a 10-year decreasing tax exemption for qualifying commercial construction. The exemption is in two stages. During the first stage, while construction work is in progress, the real estate tax is based upon the assessed value of the property at the time the initial application for a certificate of eligibility is made to the ICIB, the agency charged with determining eligibility under the program. In the second stage, after construction work is completed, the assessed value of the property is increased to reflect the new construction but a percentage of the increase (in this case, 50% in the first year and 5% less each year thereafter over the next 10 years) is exempt from tax.
On February 1, 1981, the Tax Commission* determined that construction of the building had been completed and that the second stage of the chapter 56 incentive program now applied. Accordingly, it increased the assessed value of the property from $12,600,000 to $29,000,000 for the tax year commencing July 1, 1981 and granted plaintiff the 50% exemption provided for in chapter 56. At the same time, plaintiff, alleging that construction work was incomplete, applied to the ICIB pursuant to section 1308 of chapter 56 for an extension of time in which to complete construction. (To qualify under the program the construction work on this project had to be completed by February 28, 1981, unless extended.) On March 24, 1981, the ICIB granted the request and extended the time for completion of construction to February, 1983. Plaintiff has paid under protest the full amount of the tax assessed by the Tax Commission for the 1981 tax year and has instituted a separate tax certiorari proceeding in this court, pursuant *1061 to article 7 of the Real Property Tax Law, to review that assessment.
Plaintiff contends that chapter 56 vests exclusive jurisdiction in the ICIB to determine a project’s eligibility for both the first and the second stage of the tax incentive program, and that the Tax Commission is without jurisdiction to determine when construction of a project is completed. Accordingly, it argues that the commission’s determination in February, 1981 that construction was complete, was unauthorized and its corresponding increase of the property’s assessed value for the 1981 tax year was improper. The court finds that the provisions of chapter 56 support plaintiff’s position. Subdivision a of section 1304 provides that a tax exemption shall be granted an applicant who completes construction of a project in accordance with the plans approved by the ICIB within a specified period after a certificate of eligibility has been issued. Section 1306, entitled “Approval of tax exemption”, provides that, “On completion of the reconstruction or construction work the applicant shall notify the [ICIB] in writing of said completion. The [ICIB] shall determine the eligibility of the applicant for the tax exemption as provided in section thirteen hundred four and shall notify the tax commission of such determination. If the applicant is determined to be qualified the commission shall approve the tax exemption”. (Emphasis added.)
Thus, the statute provides that the ICIB and not the Tax Commission is delegated the responsibility of determining both whether construction has been completed and whether the work was done in accordance with the plans initially submitted to it. If the ICIB resolves these questions in the affirmative, the commission is required to approve the tax exemption. Nowhere is there any suggestion in the statutory scheme that the commission has coordinate authority to determine whether a project has been completed, and defendants do not so contend. Instead, they rely upon the general language of subdivision b of section 153 of the New York City Charter, which charges the Tax Commission with the duty of reviewing and correcting assessments of real property for taxation. However, it is well settled that where a statute specifically vests a desig *1062 nated agency with certain powers, other agencies whose powers flow from general enabling statutes must yield to the agency which is particularly vested with authority. (Matter of Temporary State Study Comm. to Investigate City of N. Y. v Greenidge, 40 AD2d 601, affd 31 NY2d 691.) Accordingly, the court finds that the Tax Commission was without authority in the instant case to determine that construction was completed and that the second stage of the incentive program was to apply for the tax year commencing in July, 1981. And inasmuch as the commission lacked jurisdiction to increase plaintiff’s assessment for the 1981 tax year, a proceeding under article 7 of the Real Property Tax Law to challenge the tax for that year would be inappropriate.
For all the foregoing reasons, defendants’ motion to dismiss the complaint is denied and plaintiff’s cross motion for summary judgment is granted. In so ruling, the court is mindful that its decision would appear to give plaintiff what amounts to a tax windfall inasmuch as it is apparent that while construction might not have been completed on January 25, 1981, the status date for the tax year 1981/1982, it was certainly completed by January 25,1982, the status date for the following year. Nevertheless, the ICIB has still not determined that the second stage of the program is to go into effect. However, this is a matter for the ICIB and the Tax Commission to resolve between themselves. They are, after all, both city agencies, represented in this proceeding by the same attorney, the Corporation Counsel. For there to be an apparently complete absence of dialogue between them is not only unseemly, but also disquieting, in view of the harsh financial consequences to the city’s coffers which thereby results.

 Plaintiff erroneously named the Commissioner of Finance rather than the Tax Commissioner as defendant. To the extent the caption is in error it is deemed amended. (CPLR 2001.)